IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARCUS DAMON SNIPES, JR.,

   Plaintiff,

v.

DETECTIVE BELLAMY,
STATE OF MARYLAND,
KRISTINA JOSA,

   Defendants.

Civil Action No.: JKB-24-2290

## MEMORANDUM OPINION

Plaintiff Marcus Damon Snipes, Jr. filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Detective Bellamy and Officer Kristina Josa, both of the Anne Arundel County Police Department, and the State of Maryland, alleging they violated his constitutional rights when he was arrested. (ECF No. 1.) Defendants move to dismiss the complaint for failure to state a claim. (ECF No. 13.) Snipes opposes the motion. (ECF No. 16.) Snipes has also filed a Motion for Leave to File an Amended Complaint to add Anne Arundel County as a Defendant. (ECF No. 21.) Defendants move to dismiss the Amended Complaint as well. (ECF No. 22.) Snipes also opposes that Motion. (ECF No. 24.) The matters are briefed, and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendants' Motions shall be granted and the Amended Complaint shall be dismissed for failure to state a claim.

I.    **Background**

   **A.    Complaint allegations**

Snipes alleges that, on January 29, 2024, "Officer Bellamy . . . applied for charges for an alleged incident that took place on or about [February 1, 2024] prematurely under penalty of

perjury." (ECF No. 1 at 6.)

Snipes attaches a portion of the relevant Application for Statement of Charges. (ECF No. 1-1.) That document provides that, on January 12, 2016, Snipes was convicted of a fourth-degree sex offense in Anne Arundel County, Maryland and was required to register as a sex offender "for a period of 15 years as a 'Tier 1 Sex Offender' on the Maryland Registry." (*Id.*) The document further provides that, on August 3, 2023, Snipes reported to the "Eastern District" to re-register, and received a notice informing him that he was obliged to re-register on or before February 1, 2024. (*Id.*) It then provides that, on February 29, 2024, Officer Bellamy checked the online Sex Offender Registry and confirmed that Snipes was "due to re-register on February 1, 2024 to remain in compliance with the Sex Offender Registry Laws" but that "[a]s of this date, the defendant has failed to register." (*Id.*) On that basis, Officer Bellamy "request[ed] the following charge:" "knowingly fail[ing] to register by deadline . . ." (*Id.*) The document is dated January 29, 2024. Thus, the document is dated *before* the relevant February 29, 2024 date.

On March 1, 2024, a warrant was issued for Snipes arrest. (ECF No. 1 at 6.) Snipes was arrested and held overnight. (*Id.*) He states he was held for "many hours" without going straight to see a judicial officer. (*Id.*)

When he was released, Snipes filed a complaint online with the office of professional standards about the police misconduct and how he had been harmed by it. (*Id.*) Officer Kristina Josa responded to his complaint via email and explained that the "mistake [(i.e., the January 29, 2024 date on the Application for Statement of Charges)] was seemingly typographical and would not be looked into by the department and that the court recognized it as such." (*Id.*) Snipes characterizes this response as a "cooperative effort by internal affairs to cover up/not look into this

2

further" which he believes violates his rights. (*Id.*)

Snipes states that due to the illegal arrest, which occurred at BWI airport, his reputation within the community was damaged and caused him shame and mental anguish. (*Id.*) He adds that he lost his right to travel and lost all money associated with his trip. (*Id.*) He is seeking a total of approximately ten million dollars in damages and removal from the Maryland sex-offender registry. (*Id.* at 7.)

On the basis of the above facts, Snipes brings several claims involving the deprivation of rights under color of law and negligence.

### B. Motion for Leave to Amend Complaint

Snipes filed a Motion for Leave to Amend Complaint on October 21, 2024. (ECF No. 21.) The Motion to Dismiss was filed on September 16, 2024. (ECF No. 13.) Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the proposed amendment appears to be a futility, this Court has the discretion to deny leave to amend.

Snipes' proposed Amended Complaint seeks to add Anne Arundel County as a Defendant. (ECF No. 21.) Defendants have filed a Motion to Dismiss in response to the proposed Amended Complaint, incorporating by reference their previously filed motion. (ECF No. 22.) In light of Defendants' apparent consent to the amendment, the Motion for Leave to Amend will be granted.

3

## II.     Standard of Review

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

*Pro se* plaintiffs are held to a less stringent standard than lawyers, and courts construe their pleadings liberally, no matter how inartfully pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016), *aff'd*, 730 F. App'x 174 (4th Cir. 2018) ("The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss."). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *Robb v. Md. Aviation Admin.*, Civ. No. JKB-14-1421, 2014 WL 4056030, at *3 (D. Md. Aug. 15, 2014).

## III.  Discussion

With respect to a federal cause of action, Snipes appears to assert claims based upon a purported deprivation of his constitutional rights in the form of a false imprisonment or false arrest claim. In order to state such a claim, Snipes must sufficiently allege that his arrest was made without probable cause. *English v. Clarke*, 90 F.4th 636, 646 (4th Cir. 2024) ("The Fourth Amendment protects against unreasonable searches and seizures. To establish a § 1983[1] claim based on a Fourth Amendment violation for false arrest, [plaintiff] must show that he was seized by [defendant] without probable cause." (citations and internal quotation marks omitted).) Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *See United States v. Johnson*, 599 F.3d 339, 346 (4th Cir. 2010). "An arrest made under a warrant which appears on its face to be legal is legally justified in Maryland, even if unbeknownst to the arresting police officer, the warrant is in fact improper." *Ashton v. Brown*, 660 A.2d 447 (Md. 1995).

Snipes argues that the arrest warrant was based on an affidavit that contained a falsehood, making the warrant invalid. The Court notes that the facts alleged in the Complaint reflect that the most likely scenario is that Officer Bellamy simply made a typographical error, and wrote "January 29, 2024" rather than "February 29, 2024." This reading is bolstered by the fact that Officer Bellamy noted in the Application for Statement of Charges that, on February 29, 2024, he checked whether Snipes had re-registered as required. In addition, Snipes ignores, or would have this Court

---

[1] Plaintiff cites various federal statutes. However, his claim is most properly characterized as one brought pursuant to 42 U.S.C. § 1983.

5

ignore, that the arrest warrant was not issued until March 1, 2024, thirty days after he was supposed to re-register as a sex offender. Defendants correctly point out that Snipes never alleges that he had complied with the registration requirement between the time the Application for Statement of Charges was written and the date of the arrest warrant. The arrest warrant was facially valid, and the officers arresting Snipes had no reason to question its validity. His false arrest claim must be dismissed.

The claim also fails as to Anne Arundel County. First, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Second, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Snipes has not sufficiently alleged a constitutional violation on the part of Bellamy who, at most, wrote the Statement of Charges four days early (but who most likely simply included a typographical error with respect to the date the document was signed), or on the part of Josa who answered Snipes' complaint. Further, Snipes does not plausibly allege that the described actions were performed pursuant to an established municipal policy based on a written ordinance, regulation, or statement. Accordingly, the claim against Anne Arundel County must be dismissed.

Further, to the extent that Snipes attempts to allege a § 1983 claim against Maryland, such claim fails. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.").

To the extent that Snipes attempts to bring any state-law claims, the Court declines to exercise jurisdiction over such claims. For a federal court to have subject matter jurisdiction over

an action, typically there must either be diversity of citizenship between the parties ("diversity jurisdiction"), 28 U.S.C. § 1332, or the action must arise under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"), 28 U.S.C. § 1331. The Court has now dismissed those claims that would have provided the Court with federal question jurisdiction, and there is no diversity jurisdiction, given that all of the parties reside in Maryland. The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c) (providing that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

### IV.   Conclusion

In a separate Order which follows, Snipes' Motion for Leave to Amend the Complaint will be granted, Defendants' Motions to Dismiss will be granted, and the Amended Complaint dismissed.

Dated this  17  day of June, 2025 .

FOR THE COURT:

_____
James K. Bredar
United States District Judge
